JOHN W. MATHEWS *vs.* BOSTON & MAINE RAILROAD.

York.    Opinion July 21, 1915.

*Collision.    Damages.    Expectation of Life.    Injury.    Lessened Capacity.*
*Negligence.*

The presiding Justice in the course of his charge instructed the jury, that if upon all the evidence in the case you find there is a reasonable certainty that, from this time on he would engage in a similar business and would, were it not for this accident, do with his own hands what he has in the past done, then upon the evidence in the case, you may award such sum as you find is warranted as a compensation for impairment of that capacity to labor with his hands.

*Held:*

That this rule was not only stated correctly, but that it was stated in terms which must have been clear and comprehensible by the jury.

On motion and exceptions by the defendant.    Exceptions over-ruled.    Motion overruled.

This is an action on the case to recover for injuries received by plaintiff while a passenger on one of defendant's trains, by reason of a collision of said train with another, October 22, 1910.

Plea, general issue.    The jury rendered a verdict for the plaintiff for five thousand dollars.    The defendant excepted to certain instructions to the jury, and filed a motion for a new trial.

The case is stated in the opinion.

*Mathews & Stevens, and James O. Bradbury*, for plaintiff.

*George C. Yeaton, Leslie P. Snow, and Cleaves, Waterhouse & Emery*, for defendant.

SITTING:    SAVAGE, C. J., CORNISH, HANSON, PHILBROOK, JJ.

HANSON, J.    The plaintiff, while riding upon the defendant's railway as a passenger for hire, was injured by reason of a collision between the train on which he was riding and another train moving in the opposite direction.    He recovered a general verdict of five

thousand dollars, and as a special finding the jury awarded two thousand dollars, included in the larger sum, "as damages for his lessened capacity to labor, both past and future."

The defendant admits liability but comes before this court on exceptions, and motion to set aside the verdict on the ground that the damages awarded are excessive.

THE EXCEPTIONS. The exception reserved at the trial was then stated by counsel to be "the usual and comprehensive one to any instruction of the court which would permit any estimate of his personal capacity for manual labor impaired hereafter or since the accident." In the bill of exceptions presented to us counsel specifies the following language, used by the presiding Justice in his charge, as particular ground of exception, under the comprehensive exception before stated. "Now as to future earnings and lack of capacity to earn. The question of profits, those flowing from contracts, is not your province; there is nothing upon which you can base either a reasonable certainty that he will engage in those things hereafter or upon a reasonable certainty how much he would gain in those vocations hereafter. If, however, upon all the evidence in the case you find there is a reasonable certainty that from this time on he would engage in a similar business and would, were it not for this accident, do with his own hands what he has in the past done, then upon the evidence in the case you may award such sum as you find is warranted as a compensation for the impairment of that capacity to labor with his hands. But I must call your attention to the fact that as men approach his age and mine the physical capacity to labor weakens; the energy which men have to engage in physical labor, the ambition, the greed for money all pall before advancing years, and in determining the reasonable certainty of the existence of those things hereafter you must take into account this fact that he is of an age which will surely in the future affect, if it does not now, the capacity to perform that class of labor.

"There is also another thing which you must take into consideration as to these future damages upon all the evidence, and that is this: that he cannot live forever; that there is an expectation of life and you are restricted at least to that expectation of life. It is a matter for you to determine, how long he may live. There has been put in here the expectation of life as found in some actuary's table. That is not binding and conclusive upon you. As I recollect it, a

man of the age of fifty-six years has an expectation of life of 16.72 years, but, as I say, that is not conclusive upon you, gentlemen. It is a matter for you to determine, what the expectation of life of this plaintiff would be and to consider, should he live the whole span, what would be in the few last years of his life his capacity for labor as compared with his capacity on the day of your verdict."

Defendant claims that the part of the charge of the presiding Justice which permitted the jury to include in its verdict any damages for alleged impairment of plaintiff's ability to perform manual labor was erroneous upon two grounds: first, that plaintiff neither was at the time of the injury, nor in any recent years prior to that time, in any just sense, had been a manual laborer; second that there is in the case no evidence to warrant finding any impairment of such faculty or capacity, even though it could be found that he was such a laborer.

The plaintiff testified that since he was twenty-one years of age he had done more or less lumber business and contracting, and at the time of the trial was holding the office of postmaster at Berwick, a position which he had then occupied for nearly two years. There is evidence in the case which would tend to show that in his work as a contractor he did considerable manual labor, and that his capacity to perform such labor had been impaired. The weight and credibility of this evidence were passed upon by the jury and their verdict negatives the grounds depended upon by the defendant in his bill of exceptions.

But the defendant further urges that no well recognized authority can be cited in support of enlarging a plaintiff's title to damages for future impairment of such as is expressed by the usual terms "capacity for labor" or "earning capacity," so generally employed, to the special, single and limited loss of but one kind of labor, namely, "manual labor," except in cases where this alone had been his ordinary employment and chief, if not sole, means of revenue, and was not also reasonably certain in future to remain so.

It is true that the courts generally employ somewhat broader phraseology, in cases of this kind, such as "earning capacity," or "loss of capacity to labor," but the term "manual labor" is also quite comprehensive. In his charge to the jury at one point the presiding Justice used the words "impairment of that capacity to labor with his hands," but even in the portion of the charge specifically embraced in the bill of exceptions the Justice also used the

expression "capacity for labor" which the defendant claims to be the more strictly correct statement. Moreover, and examination of the entire charge makes it plain that the rule was not only stated correctly when the charge is considered as an entirety, but that it was stated in terms which must have been clear and comprehensible by the jury.

THE MOTION. As already stated, the only ground upon which the motion is based is that the damages are excessive. We have carefully read and weighed the evidence. There is not much conflict except in the medical evidence which is a matter of frequent occurrence in cases of this kind. The jury heard and saw the parties and witnesses, and we are not prepared to say that they were so far influenced by bias or prejudice, or were so lacking in ability to understand and weigh evidence that their judgment and conclusion are to be questioned.

*Exceptions overruled.*
*Motion overruled.*